# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSEANNE M. CURRIER,**<br>   **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2208** |
| **ENTERGY SERVICES, INC., et al.**<br>   **Defendant**s | **Section "E"** |

## ORDER

Before the Court is a motion to strike filed by Plaintiff Roseanne M. Currier, which Defendant Steven F. Griffith, Jr. opposes.[1] Counsel for Defendant is correct that, inasmuch as Plaintiff seeks to strike material from a memorandum rather than a pleading, Federal Rule of Civil Procedure 12(f) provides no authority for the relief Plaintiff requests. *See, e.g.*, *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1028–29 (D. Kan. 2006) ("Rule 12(f) authorizes the Court to strike material from pleadings. A brief in support of a Daubert motion is not a pleading."); *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings).

Counsel for Defendant is, however, quite incorrect that her "argument was perfectly appropriate."[2] While discussion of the case cited by Plaintiff was appropriate, the *ad hominem* nature of the attack and rhetorical questions attacking the ethics of Plaintiff's counsel were not. Their inclusion is unfortunate, and counsel for Defendant owes counsel

---

[1] R. Docs. Nos. 37, 45.

[2] R. Doc. No. 45, p. 2.

1

for Plaintiff an apology.

Nevertheless,

**IT IS ORDERED** that Plaintiff's motion to strike is **DENIED**.

**New Orleans, Louisiana, this 26th day of September, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**