UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSEANNE M. CURRIER,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No.  11-2208 |
| ENTERGY SERVICES, INC., et al.<br>    Defendants | Section "E" |

ORDER & REASONS

Before the Court is a motion to dismiss filed by Defendant Steven F. Griffith, Jr., which Plaintiff Roseanne M. Currier opposes.[1]  For the following reasons the motion is **GRANTED**.

BACKGROUND

The allegations in the complaint are set forth in a related order, and the Court will focus in this order on the allegations specific to Defendant Griffith.  As to him, Currier alleges:

> On or about October 21, 2010, Mr. Steve F. Griffith, Jr., an outside counsel for Entergy met with Capt. Currier. The purpose of this meeting as related to Capt. Currier was to follow-up on and/or resolve the ethics complaint concerning the hand function issue raised by Mr. Shilstone and Mr. Trowbridge. Also present at this meeting was Mr. Alan Smith of Entergy Ethics. During this meeting Mr. Griffith, for the first time, raised an issue concerning Capt. Currier's mental status. Indeed, this became the focus of the meeting, and Mr. Griffith questioned Capt. Currier aggressively concerning purported over "emotionality" at Bombardier, while not particularly focusing on the hand functionality issue. Of course, by this time Entergy had full knowledge of Dr. Hehman's examination and knew that it was unlikely that the FAA would take any definitive action against Capt. Currier's medical

---

[1]     R. Docs. Nos. 21, 29, 41.

based on the spurious allegation that her old hand injury rendered her unfit to fly. Also, Mr. Griffith explicitly stated during the meeting that he had reviewed the letter sent by the undersigned to Mr. Leonard.[2]

On or about October 27, 2010, Capt. Currier with Mr. Griffith and Mr. Alan Smith again. During this meeting Capt. Currier was again questioned aggressively and extensively in regards to her Bombardier simulator performance and purported emotionality by Mr. Griffith. Also during this meeting Capt. Currier related that she was being subjected to demeaning and embarrassing treatment in being required to perform menial clerical labor in lieu of either regular flight duties or at least non-flying duties which might make use of her flight knowledge, such as Flight manual revision or similar duties.[3]

Although there is no argument that Entergy had the right, and even a duty, to investigate the complaints by Capt. Currier of improper conduct by Entergy Aviation management, the October 21, 2010 and October 27, 2010 meetings between Capt. Currier were in violation of the Louisiana Rules of Professional Conduct, Rule 4.2, in that Mr. Griffith, a licensed Louisiana attorney, with full knowledge that the undersigned represented Capt. Currier, met with Capt. Currier and discussed the very subject matter of the representation without obtaining the affirmative approval of the undersigned for any such meeting. Entergy's duty to investigate and its right to meet with an employee concerning the employee's complaints in no way excused the violation of Rule 4.2, particularly when the apparent point of the meetings was to allow aggressive ex parte questioning by a trained litigator of a lay person who was represented. Capt. Currier found these meetings, as conducted by Mr. Griffith, to be very troubling and a source of emotional distress. In addition to being a component part of the other torts of discrimination and retaliation, Mr. Griffith's conduct as an attorney and agent of Entergy constitutes the tort of abuse of right.[4]

## ANALYSIS

Griffith asserts that Currier's complaint must be dismissed because: (1) her abuse of right claim does not implicate a contract or property right and in any event she has failed to allege malice, bad faith, or spurious exercise of any right by Griffith; and (2) the

---

[2] R. Doc. No. 3, ¶ 33.

[3] R. Doc. No. 3, ¶ 34.

[4] R. Doc. No. 3, ¶ 35.

allegations against Griffith do not satisfy the intent requirement or rise to the level of extreme and outrageous conduct required to maintain an intentional infliction of emotional distress claim.

Griffith is wrong that Currier must allege a property or contract right in order to maintain her abuse of right claim. Even the cases he cites for the proposition demonstrate this. *Escousse v. State Farm Mut. Auto. Ins. Co.*, 2000 WL 1298813, at *2 (E.D. La. July 14, 2000) ("Louisiana's abuse of rights doctrine, a civilian doctrine employed *primarily* in contract and property rights cases, may provide a remedy to a plaintiff if one of the following conditions is met . . . ." (emphasis added)); *St. Germain v. Coulon*, 887 So.2d 608, 613 (La. Ct. App. 2004) ("[T]he trial court granted the exception, but allowed [plaintiff] 30 days within which to amend the petition to state the specific *constitutional or statutory* right allegedly abused." (emphasis added)). But it is true that Currier must allege that Griffith was exercising *some* right in order to maintain her abuse of right claim. *See St. Germain*, 887 So.2d at 613 (dismissing for failure to "indicate a valid right that was allegedly abused").

Currier does not allege that Griffith exercised some right. In her response, she characterizes "the allegation in the present case" as "involv[ing] the statutory right of investigation under certain circumstances."[5] Yet as she acknowledges in the next sentence, this right (and in fact duty) is of "an *employer* to investigate complaints of discrimination, and . . . this is a duty found in the various antidiscrimination statutes" that apply to employers.[6] Griffith is not alleged to have been Currier's employer. While he was acting

---

[5] R. Doc. No. 29, p. 3.

[6] R. Doc. No. 29, p. 4 (emphasis added).

on *behalf* of Currier's employer, and so his actions may therefore state a claim for abuse of right against Entergy, there is no allegation that Griffith himself was exercising some right he held.

Currier also fails to allege facts that would make it plausible to believe Griffith "desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). In her response to Griffith's motion to dismiss, Currier confuses this requirement with the requirement for an abuse of right claim that the right "was exercised with the purpose of harming another, in violation of moral rules, or for a purpose other than that for which [it] was granted."[7] Assuming without deciding that Griffith, by virtue of allegedly violating a Louisiana Rule of Professional Conduct, exercised a right held by Entergy in a way sufficiently improper to plead abuse of right,[8] that fact is irrelevant to Currier's intentional infliction of emotional distress claim. And Currier has not alleged any facts that would support a plausible inference that Griffith either intended to cause her distress or was substantially certain it would result. Merely alleging that Griffith's questioning was aggressive hardly supports an inference of intent.

In any event, it is highly unlikely the allegation that Griffith conducted aggressive *ex parte* questioning could satisfy the standard for extreme and outrageous conduct. *See Ulmer v. Frisard*, 694 So.2d 1046, 1049 (La. Ct. App. 1997) ("While the alleged actions of the attorney in this matter show the acrimonious nature of the litigation between the

---

[7] R. Doc. No. 29, pp. 5–6.

[8] As noted above, Currier would still need to allege that Griffith (as opposed to Entergy) was exercising some right.

parties, it is not actionable."). That Griffith may have questioned Currier in violation of a Louisiana Rule of Professional conduct is, without more, also insufficient. *Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1025–27 (La. 2000) ("Conduct which is merely tortuous or illegal does not rise to the level of being extreme and outrageous."). Nor can Currier rely on the alleged pattern of conduct of Entergy to satisfy her pleading burden against Griffith. She has sued Griffith on a separate claim for intentional infliction of emotional distress, so she is obliged to plead its elements as against him. Without an allegation Griffith was somehow involved in Entergy's pattern of conduct, he is responsible only for his own conduct.

## CONCLUSION

For the foregoing reasons, Griffith's motion to dismiss is **GRANTED** without prejudice, but Currier must plead any additional allegations against him in the amended complaint due **October 11, 2013**, at **5:00 p.m.**

New Orleans, Louisiana, this 30th day of September, 2013.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**